IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| DEONDA SHOOK, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 2:11-CV-128-RWS |
| BARROW COUNTY BOARD OF | : | |
| COMMISSIONERS, by and | : | |
| through its CHAIRMAN AND | : | |
| DISTRICT COMMISSIONERS, | : | |
| | | |
| Defendant. | | |

## **ORDER**

This case comes before the Court on Defendant's Motion for Judgment on the Pleadings [15], Plaintiffs' Motion for Extension of Time [16], Plaintiffs' Motion to Amend the Pleadings [22], Plaintiffs' Motion to Remand [23],[1] Defendant's Motion to Exclude Exhibits [28], and Defendant's Motion to Strike [30]. After a review of the record, the Court enters the following Order.

---

[1] Plaintiffs have filed a motion to remand this action to the Superior Court of Barrow County where Plaintiffs filed their initial, 2007 zoning-appeal because they believe that "Plaintiffs' claims would stand under state law or procedures." Dkt. No. [23-1] at 4. However, Plaintiffs voluntarily dismissed that state-court action and have now sued for the second time in federal court. Since Plaintiffs filed their action in federal court, remand is simply not available. Remand is only a remedy when an improper removal has occurred. Thus, Plaintiffs' Motion to Remand [23] is **DENIED**.

**I. Factual Background**

On August 28, 2007, Plaintiff Kenneth Shook, acting individually and on behalf of his wife, presented Rezoning Application RZ-2007-028 (a.k.a. XX105/024) to the Barrow County Planning Development Department and the Barrow County Board of Commissioners ("BOC") at the BOC's regularly-scheduled public meeting. Dkt. No. [1] at ¶ 5. This application sought to change the Plaintiffs' property zoning from an "Agricultural" zoning to an "R-1"[2] zoning so that the Plaintiffs could develop a 20-lot residential subdivision on the their 20.07-acre plot. Id. at ¶ 6. However, that application was denied the same day because the BOC found that "to grant the application would adversely effect the Defendant's operation of the Winder/Barrow County Airport." Id. at ¶ 7.

On September 27, 2007, Plaintiffs appealed that decision to the Superior Court of Barrow County and sought equitable relief; namely, the BOC's re-

---

[2]Plaintiffs plead that they sought an "R-100" zoning. Dkt. No. [1] at ¶ 6. However, Defendant states that there is no such thing as "R-100"; rather, the intended zoning was "R-1." Dkt. No. [15] at 4 n.3. It appears, then, that Plaintiffs' "R-100" assertion was a typographical error and the Court will treat it as such.

2

classification of their property. Dkt. No. [24-4] at 1.[3] Before that case was finally adjudicated, the Plaintiffs voluntarily dismissed the case in April 2011. Dkt. No. [24-18]. On May 25, 2011, Plaintiffs filed this complaint alleging violations of § 1983 and various state-law claims–for the first time seeking damages. Dkt. No. [1].

On October 14, 2011, Defendant moved for judgment on the pleadings. On November 4, 2011, after Plaintiffs' response was due, Plaintiffs moved for an extension of time to file their brief. That Opposition Brief was filed without authorization on  November 11, 2011. Also on that date, Plaintiffs filed a Motion to Amend and a Motion to Remand. On November 28, 2011, Defendant filed objections to Plaintiffs' exhibits in support of their opposition brief. The Court will consider each motion in turn.

## II. Motion for Extension of Time

Plaintiffs first ask this Court for an extension of time to file their response in opposition to the Defendant's Motion for Judgment on the

---

[3]Plaintiffs' 2007 complaint and voluntary dismissal were attached to their motion in opposition. Because the substance of these documents "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"–the state court's docket–the Court will take judicial notice of these documents. FED. R. EVID. 201(b)(2).

Pleadings. Dkt. No. [16]. Defendant Barrow BOC filed its motion on October 14, 2011. Pursuant to LR 7.1(B) NDGa and Federal Rule of Civil Procedure 6(d), Plaintiffs' response was thus due on October 31, 2011. However, Plaintiffs did not file their response on that date. Instead, four days after their response was due, Plaintiffs filed this motion for extension of time [16]. In the motion, counsel for Plaintiffs states that he was attempting to contact Plaintiff Kenneth Shook to sign an affidavit, and that because Mr. Shook was out of town, Plaintiffs would not be able to file a response brief until November 10, 2011. Dkt. No. [16] at 1-2.

Federal Rule of Civil Procedure 6(b)(1) states that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . on motion made after the time has expired if the party failed to act because of excusable neglect." The question, then, is whether the Plaintiff failed to act because of excusable neglect.

The Court finds that the Plaintiffs did not act because of excusable neglect. The only rationale which Plaintiffs present for their delay is that counsel could not contact Plaintiff Kenneth Shook to sign an affidavit about an unstated subject because Mr. Shook was out of town. However, the Defendant's

4

motion was not one for summary judgment, it was one for judgment on the pleadings. In such a posture, the Court could not even consider the affidavit, so there was no reason to wait for it. See Horsley v. Feldt, 304 F.3d 1125, 1136 n.6 (11th Cir. 2002) ("Whatever their relevance might be in deciding a motion for summary judgment, we will not consider matters outside the pleadings when passing on a Rule 12(c) motion for judgment on the pleadings."). Moreover, even after the Plaintiffs asked the Court for an extension through November 10, 2011, the Plaintiffs delayed filing their response until the next day, November 11, 2011, and did not ask the Court for an additional day's extension. Thus, even under this motion's requested deadline, their response is untimely. In sum, the Court does not find that Plaintiffs acted with excusable neglect. They should have known that such an affidavit would have been improper under a 12(c) analysis. Thus, Plaintiffs' Motion for Extension [16] is **DENIED** and Defendant's Motion to Exclude [28] and Motion to Strike [30] are **DENIED, as MOOT**. As a result, Defendant's Motion for Judgment on the Pleadings [15] is **DEEMED UNOPPOSED**. LR 7.1(B), NDGa.

**III. Motion for Judgment on the Pleadings**

After the pleadings are closed but within such time as not to delay trial, a party may file a motion for judgment on the pleadings. FED. R. CIV. P. 12(c); see Conner v. Tate, 130 F. Supp. 2d 1370, 1373 (N.D. Ga. 2001). Judgment on the pleadings is appropriate only when no issues of material fact exist, and the movant is entitled to judgment as a matter of law. Ortega v. Christian, 85 F.3d 1521, 1524 (11th Cir. 1996). A court considers only the substance of the pleadings and any judicially noticed facts, and the court accepts the facts as set forth in the pleadings as true and views them in the light most favorable to the nonmoving party. Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998).

    A. Section 1983 claim

Defendants initially move to dismiss Plaintiffs' § 1983 claim as untimely, either as too late–if based on due process–or premature–if based on a taking. Plaintiffs do not clearly allege the underlying substantive basis for their § 1983 claim, but do state that "[t]he Plaintiffs show that the denial of the Plaintiffs' Rezoning Application on August 28, 2007, was an illegal and improper action done under color of State law." Dkt. No. [1] at ¶ 8. Thus, whether Plaintiffs'

6

claim is predicated on the Fourteenth Amendment's due process clause or the Fifth Amendment's just compensation clause via the Fourteenth Amendment, Plaintiffs base their deprivation on the BOC's conduct which occurred on August 28, 2007.[4]

### 1. Fourteenth Amendment Due Process Claim

If Plaintiffs' claim is one of federal due process, that claim is barred by § 1983's statute of limitations. While Section 1983 provides a federal cause of action, the applicable statute of limitations looks to the law of the State in which the cause of action arose. Wallace v. Kato, 549 U.S. 384, 387 (2007). The statute of limitations applicable to Section 1983 actions is that which the State provides for personal injury torts. Id. (citing Owens v. Okure, 488 U.S. 235, 249-50 (1989)). In Georgia, the applicable limitations period is two years. O.C.G.A. § 9-3-33.

---

[4]The Court cannot definitively discern whether Plaintiffs' claim is one of due process–as the count's heading is entitled "Deprivation of Property without Due Process Secured by the Constitution"–or a takings claim–as they allege that the BOC denied "Plaintiffs the highest and best use of their real property" and that they were denied "just compensation." Dkt. No. [1] at 3-4. However, the Court need not make this determination as both claims would be barred by either the statute of limitations or a ripeness challenge.

However, "[t]he accrual date of a [Section] 1983 claim is a question of federal law that is not resolved by reference to state law," but rather is:

> governed by federal rules conforming in general to common-law tort principles. Under those principles, it is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief.

Wallace, 549 U.S. at 388. "A violation of a substantive due process right . . . is complete when it occurs." McKinney v. Pate, 20 F.3d 1550, 1556-57 (11th Cir. 1994). Here, because Plaintiffs plead that their substantive due process rights were violated on August 28, 2007 and they did not file suit under § 1983 until May 25, 2011, Plaintiffs' § 1983 due process claim is clearly barred by the relevant two-year statute of limitations.[5] That claim is **DISMISSED**.

---

[5] While the Court is not considering Plaintiffs' Opposition brief as it was untimely, the Court notes that the Plaintiffs did make a tolling argument in that brief. Essentially, Plaintiffs argue that because their initial suit was filed in 2007and they voluntarily dismissed that action in April 2011, their claims should be preserved on renewal. However, because Plaintiffs never asserted a § 1983 violation in the original action–which was essentially an appeal of the BOC's initial decision–much less a claim for damages, the Court finds that Plaintiffs' tolling arguments do not have merit as in order to be protected by Georgia's renewal statute, the claim must have been made in the original suit. See Burns v. Dees, 557 S.E.2d 32, 39 (Ga. Ct. App. 2001) ("To suspend the running of the statute of limitation in a renewal action, the cause of action must be substantially the same as in the original action. A defendant's liability cannot be enlarged beyond that indicated by the pleadings in the first case.") (internal quotations omitted).

### 2. Fifth Amendment Takings Claim

To the extent that Plaintiffs are bringing a Fifth Amendment takings claim, that claim is not ripe. To show a constitutional takings violation, a property owner must show either that state law provides no process for obtaining just compensation, or that state law is inadequate due to state court interpretation. Agripost, Inc. v. Miami-Dade County ex rel. Manager, 195 F.3d 1225, 1231 (11th Cir. 1999). If the plaintiff cannot show either of these latter requirements, the case is not ripe and the court lacks subject matter jurisdiction over the claim. Id. In Georgia, state law provides a process for obtaining just compensation for takings resulting from zoning decisions: claimants may bring an action for inverse condemnation. James Emory, Inc. v. Twiggs County, 883 F. Supp. 1546, 1556 (M.D. Ga. 1995); Benton v. Savannah Airport Comm'n, 525 S.E.2d 383, 386 (Ga. Ct. App. 1999). Thus, where a plaintiff has not availed itself of the state-law process, takings and inverse condemnation claims are not ripe for federal court review. Eide v. Sarasota County, 908 F.2d at 720-21; James Emory, Inc., 883 F. Supp. at 1557.

Here, Plaintiffs have never pursued a claim for inverse condemnation in Georgia state courts, attempting such an action for the first time in this suit.

9

Thus, because Plaintiffs have never attempted to seek just compensation from the Defendants in state court, Plaintiffs Fifth Amendment claim is not ripe before this Court and are due to be **DISMISSED, without prejudice**. See Stalley *ex rel.* U.S. v. Orlando Regional Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008) ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice.").

### B. State Law Claims

Defendants also move for judgment on Plaintiffs' state-law claims. Plaintiffs have brought four distinct state law claims– "a taking," "inverse condemnation," "nuisance," and "trespass." However, Georgia law recognizes all four of those actions as a single claim for inverse condemnation when made against a county actor. Stanfield v. Glynn Cnty., 631 S.E.2d 374, 377 (Ga. 2006) ("A county may be liable for damages if it creates a condition on private property, such as a nuisance, that amounts to inverse condemnation or a taking without compensation. Regardless of how the various claims are denominated, therefore, the plaintiffs may recover if and only if the trespass or nuisance amounted to the taking of property without just compensation. Thus, the trespass and nuisance claims are duplicative of the inverse condemnation

10

claim.") (internal citations and omissions omitted). In order to bring an inverse condemnation claim against a county, though, written notice of the claim must be given to the county within twelve months of its occurrence, and the failure to provide such notice is a bar to pursuing such a claim. See O.C.G.A. § 36-11-1 ("All claims against counties must be presented within 12 months after they accrue or become payable or the same are barred, provided that minors or other persons laboring under disabilities shall be allowed 12 months after the removal of the disability to present their claims.").

Here, Plaintiffs did not provide ante litem notice of any damages claim until April 25, 2011, well after the twelve month accrual date of August 27, 2008. See Dkt. No. [15-2] at 3.[6] Thus, Plaintiffs' state law damages claim–inverse condemnation–is **DISMISSED**.

---

[6]To the extent that this letter is a matter outside the pleadings, the court notes that this ripeness challenge is a challenge to the Court's subject matter jurisdiction. See Sammons v. Nat'l Comm'n on Certification of Physician Assistants, Inc., 104 F. Supp. 2d 1379, 1381 (N.D. Ga. 2000) (noting that "ripeness goes to [a federal district court's] subject matter jurisdiction"). Thus, this Court may consider matters outside the pleadings without converting the motion to summary judgment. Stalley, 524 F.3d at 1233 ("[A] factual attack on a compliant challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony.").

### VI. Motion to Amend

Plaintiffs last move to amend their Complaint to substitute **"COUNTY OF BARROW, GEORGIA"** for the named Defendant the "BOC by and through its Chairman and Commissioners"; Plaintiffs do not seek to substantively amend their Complaint through additional facts or law. However, because the Court finds that all of Plaintiffs claims are meritless–regardless against whom they are pled–that motion is **DENIED**. See Campbell v. Emory Clinic, 166 F.3d 1157, 1162 (11th Cir. 1999) (stating that a district court may choose not to allow a party to amend when the amendment would be futile.).

### V. Conclusion

Defendant's Motion for Judgment on the Pleadings [15] is **GRANTED**. However, Plaintiffs' Motion for Extension of Time [16], Plaintiffs' Motion to Amend the Pleadings [22], and Plaintiffs' Motion to Remand [23] are **DENIED**.  As a result, Defendant's Motion to Exclude Exhibits [28] and Motion to Strike [30] are **DENIED, as MOOT**. The Clerk is directed to close this case.

AO 72A
(Rev.8/82)

**SO ORDERED**, this __23rd__ day of May, 2012.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

13